Hornblower, C. J.
This was an action brought by the administrators of Porter against Rice as surviving acceptor of a bill of exchange, or an order drawn on him and One William Cornelius, since deceased, by William E. Hugg, and accepted by them, in favor of Porter.
The declaration contains but one count, in which the instru *441 ment declared on, is called a “ bill of Exchange, or an order in writing,” averring a general acceptance by the drawees, and that thereby they became liable to pay the sum of money in the said bill of exchange or order in writing, specified, “ according to the tenor and effect of the said bill of exchange or order in writing, and of their said acceptance thereof.”
The instrument and acceptance, declared on, (as set out in the bill of exceptions) are as follows, viz:
“Gloucester, August 21, 1830.
“Messrs. William Cornelius and John P. Rice, please pay John Porter, the sum of 100 dollars, on aeeounl of my share of rent for Gloucester Fishery, which will be due June 1st, 1831, and this shall be your discharge for the same.”
Signed, W. E. Hngg.
August 21, 1830. We accept this order, when due.
Signed, “ William Cornelius John P. Rice.
Whatever may be the proper name of this instrument, whether a bill of exchange, an order in writing, or an appointment to pay so much money out of a particular fund, it had a legal and definite meaning and effect, and if it had not, no action could be maintained upon it. What I mean is, that it was either payable at sight, or at a certain period, or when the rent spoken of should become due. Now if it was payable at sight or on presentation, then a general acceptance by the drawees, made them liable to pay immediately; if at a certain number of days after date or sight, or on a specified day, then a general acceptance made the acceptors liable to pay according to the tenor and effect of the draft; but if payable when the rent became due, then they did not become liable until that event happened. And if the latter was the case, then the plaintiffs ought to have shown by a proper averment in their declaration, that the contingency on which the defendant’s' liability was to accrue, had taken place. It is not always sufficient for a plaintiff, when declaring upon a special contract, to set it out in haze verba; or to say that the party became liable according to the tenor and effect of the contract; but *442 he must shew what its tenor and effect is: he must declare upon it according to its legal import. If on a Bill payable at sight, or on a note payable on demand, he must state it to be so : if payable at a certain number of days after sight, or after date, or on a particular day, or upon the happening of a certain event, he should so say: and then the law raises the implied promise to pay accordingly; that is, is according to the alleged tenor and effect. The judgment must follow the declaration and be conformable to its allegations, or, in other words, must be secwndum allegata et probata. Butin this declaration the plaintiffs have not stated the legal effect of the contract — they have not informed the Court, whether the'bill was payable at sight, or at any period thereafter: — they have only set out the instrument in the terms of it, and then charged the defendant as liable according to its tenor and effect, whatever, in the judgment of law, that may be. No one can tell upon perusing this declaration, whether the plaintiffs claim, as upon a bill payable at sight, or at any specific time, and consequently the Court cannot tell whether they claim interest from the time of the acceptance, or from what other period. I am inclined to think that upon a special demurrer, this declaration must have been held bad. Nor am I satisfied that any judgment can now be rendered upon it. But this being after verdict, I shall proceed to consider the errors assigned on the record.
First. It is insisted that the instrument declared on and given in evidence, is no bill of exchange, and that therefore the plaintiffs cannot recover upon it as such : and Secondly, that there is a variance between the acceptance set out in the declaration and the one given in evidence; the former being a general and unconditional acceptance; and the latter, a special or conditional one.
I. Is the writing a bill of exchange, and can it be declared upon as such?
The answer to this question depends upon the true construction of the instrument. If it was a request to the drawees to pay' at sight, or at any other time, in advance of the accruing rent, then it is like the case of Mackleod v. Snee, reported in 2 Ld. Raym. 1481, and Str. 162, and, therefore a good bill of exchange. In that case, the request was to pay a certain sum of money, as *443 the drawer’s quarter’s half pay, “ in advance,” on a certain day, before the half pay would become due. It was held to be a good bill, because it was to pay absolutely and at all events. It was made on the credit of the drawer, and his liabilities as such, was not to depend upon any contingency whatever: the reference to the drawer’s half pay, was clearly nothing more than an intimation to the drawee, of the fund from which he was to be re-iinbursed for the advance. So in this case, if Hugg had requested Rice and Cornelius to pay at sight, or at given day, “ in advance ” of rent to become due at a subsequent period, it would clearly have been a good bill of exchange. But if it is only a request to pay so much money for, or on account of the drawer’s share of rent, on the day when the same should become due, then it is no bill of exchange. If that is the meaning of the instrument, it is a request to pay, not only, out of a 'particular fund, but out of an uncertain and contingent fund. Whether any rent would become due to the drawer, on the first of June, 1831, was altogether uncertain. lie might die, or re-enter, or alien, or the tenant might be evicted by a paramount title — or if rent became due, the drawer’s share of it might be uncertain, or insufficient to pay the bill. A draft upon such contingencies, or such a fund, is no bill of exchange, and cannot be declared or recovered upon as such. Jocelyn v. Lasere, Fort. 281; S. C. 10 Mod. 294; Ib. 316 ; Wiles R. 397; Haydock v. Linch, 2 Ld. Raym. 1563; Dawkes v. Ld. De Loraine, 2 Bl. R. 782. S. C. 3 Wills R. 207, 209; Jenney v. Herle, 2 Ld. Raym. 1361; Banbury v. Lisset, 2 Ld. Raym. 1211; Yeates v. Grove, 1 Ves. Jun. 280 ; Smith and al. v. Wood, 1 Saxt. Ch. R. 89 and seq. Chitt. on Bills, 157, 158, in Springfield Ed. of 1836. Ralli v. Sarral, Dow. and Ry. N. P. C. 33, in 16 Engl. Com. Law R. 422. What then is the true character of this instrument? Was it payable at sight? or, at a future period, and when ? And if at a future day, was it then to be paid absolutely, or, out of the rent to become due ?
1. Was it payable immediately, on presentation? This was clearly not the understanding of the parties: they did not deal with it, as a bill so payable: and the best mode of getting at the true meaning of an instrument, sometimes, is to see how the parties understood it, at the time of the transaction. That the drawers, however they construed the bill in other respects, did not *444 consider it a request to pay on demand, is evident from their ascepting it “ when due,” and I think it a very fair presumption that the payee did not consider it, as then due, from his taking such an acceptance and waiting as he did until after the first of June, 1831.
2dly. If not payable at sight, when was the money to be paid ? In my opinion on the first of June 1831. No other period is indicated on the face.of the draft, and as it was to be “paid,” not advanced “ on account of rent,” it seems to follow that such payment was to be made on the day when that rent would become due. It only remains then to inquire,
3dly. Whether the draft in question was a bill on the credit of the drawer, or only a request to pay out of the accruing rent, when it should become due?
The terms of the draft, as well as the conduct • of the parties, lead me very satisfactorily, if not irresistibly, to the conclusion, that it was only an order on the fund, and to be paid out of the rent. 1st. The terms of the order exclude any other construction. The drawer first requests the drawees to pay to Porter one hundred dollars, on account of his share of rent which will be due June 1, 1831, and then adds “and his receipt shall be your discharge from the same” What does, what can this mean, but that Porter’s receipt for the money should be their discharge from so much of the rent f To what else can the word “ same ” relate ? Certainly it does not mean that Porter’s receipt shall discharge them from the one hundred dollars. If it was not to discharge them from the payment of so much rent, it means nothing : for if instead of paying it out of rent, they were to advance it, on the credit of Hugg, and as a loan to him, then payment by them to Porter, would discharge them from nothing, but would make them the creditors of Hugg for the money advanced. Again, if Hugg had intended that the drawees should accept the draft on his credit and look to him for payment, he would have said, “ and charge the same to me,” or “ put it to my account; ” but instead'of that, he requests the drawees to pay so much on account of rent, for which, the payee’s receipt shall be their discharge.
Secondly. The terms of the acceptance, shew that the parties so understood the draft. “We accept this order when due,” *445 amounts only to this; that we agree to pay you one hundred dollar^ on account of Mr. Hugg’s share of rent when that rent becomes due. It was an order on the drawees for rent, and they agreed to pay it when due. It was therefore an order for money payable out of a particular fund, and consequently not a bill of exchange, according to the custom of Merchants.
An attempt was made, on the argument, to distinguish between an order to pay “ on account of,” and “ out ofbut this is a mere criticism. In Banburry v. Lisset 2 Str. 1211, Lee Ch. Just. considered the words “ on account of” equivalent to “out of.” The validity of the bill, does not depend on the question, whether it is payable “on account of,” or “ out of” a particular fund; but, whether it is drawn on the fund; or made on the credit of the parties to the bill, or of some of them. If the request had been “ to advance ” money on account of, or out of the accruing rent, and to pay it unconditionally, it would have been in either case, a goodwill: but a draft on a particular and contingent fund, is not such a bill, as the cases already cited, abundantly shew.
Admitting however, that the writing in question, was a good bill of exchange for one hundred dollars on account of rent, payable at sight, or on the first of June, 1831, I am of opinion,
2dly. That the acceptance was a conditional, and not a general and absolute, one.
Any act which evinces an intention, not to be bound, unless upon a certain event, is a conditional acceptance. (Chitt. on Bills, 331; Springf. ed. of 1836 ; Sproat v. Mathews, 1 Ter. Rep. 182.) And whether an acceptance is a general or conditional one, is a question of law for the decision of the Court and not of the Jury. (Banburry v. Lisset, 2 Str. 1211 in note 3, Sproat v. Mathews, 1 T. R. 182.)
The acceptors by adding the words “when due,” meant something, and the payee by taking the acceptance with that qualification, are bound by its import. Those words then must mean, either, when the bill should be due, or, when, the rent should be due — but if the bill was then payable, it could not mean the former, and if the bill was not payable until the first of June 1831, the addition was useless, since a general acceptance would not compel them to pay before that time. But as the bill, whenever *446 it was to be paid, was to be paid on account of rent, it is evident the acceptors did not mean to bind themselves to payment until the rent became due. It was therefore a conditional acceptance, and ought to have been declared on accordingly. A conditional acceptance must be declared on specially, with an averment that the condition has been performed, or the event happened, upon which the defendant undertook to pay, and if such an acceptance, be declared on as an absolute one, the variance will be fatal, although it may appear in evidence, that the condition has been performed; (Chitt. on Bills, ed. of 1836, p. 331; Id. 587. Julian v. Shobroke, 2 Wills. R. 9, 1 Selw. N. P. 329 ed. of 1836 ; Milne v. Prest, 1 Holt’s R. 182; Langston v. Corney, 4 Camp. N. P. 176; Townley v. Sumrall, 2 Peters’ U. S. R, 170, 185, Ralli v. Sarrall, Dowl. and Ry. N. P. Cases, 33, in 16 Engl. Com. law B. 422.) The propriety of this rule is manifest in this case. 1 f the plaintiffs had set out the conditional acceptance, and averred that the rent spoken of in the bill, had become due from the defendant to Hugg, the defendant might have traversed that fact and shown (as is alleged to have been the case) that although the day on which, by the terms of the lease, the rent was payable, had passed, yet that no rent then became due to Hugg, the fishery having been sold on execution against him long before that period.
The result is, 1st. That the instrument declared upon, is not a bill of exchange; and 2dly. If it is, the acceptance was conditional, not absolute. The judgment, therefore, in my opinion, must be reversed. But, the plaintiff below, if he desires it, should have leave on payment of the costs below, to amend his declaration, by adding other counts and otherwise as he may be advised.
Dayton, J.
The plaintiffs below, declared in the common form, as upon a bill of exchange or order in writing, drawn by one William E. Hugg on Rice & Cornelius and in favor of John Porter now deceased, and set out an absolute acceptance on the part of Rice and Cornelius. Upon the trial, the plaintiffs below, to sustain the issue on thei-r part, offered in evidence, an instrument of writing in the words and figures following, to wit:
Gloucester, August 21, 1830.
“Messrs William Cornelius and John P Rice, please pay *447 John Porter, the sum of 100 dollars, on account of my share of rent for Gloucester Fishery, which will be due June 1st, 1831, and his receipt shall be your discharge for the same, and oblige,
Yours, &c.
W. E. Hugg.
And which said paper was indorsed as follows, August 21, 1830. We accept this order, when due.
“ William Cornelius John P. Rice.”
This was all the evidence offered upon the part of the plaintiffs. A motion was made to non-suit, which the Court over-ruled, and a verdict was then had in behalf of the plaintiffs, for the amount of the order.
Is the paper declared upon, a bill of Exchange, or an instrument of such a nature as would sustain a suit without evidence aliunde of a consideration? One of the qualities essential to the validity of a bill or note, is that it must be payable at all events, not dependent on any contingency, nor payable out of a particular fund. Ghitty on B. 42-3 & 4, and the eases cited. To determine whether the money is payable out of a particular fund, we are to inquire whether the credit is given to the fund in question, or to the person of the drawer or acceptor of the bill. Saxt. G. R. 90; 3 Kent 7G. The latter authority lays down the rule “ that the payment must not rest on any contingency except the failure of the general (personal) credit of the person drawing or negotiating the instrument.” Did the draft in the present case depend for payment on personal credit only, or on the drawer’s share of the rent of the Gloucester Fishery, which was to become due June 1, 1831, making Rice and Cornelius the media of payment ? The parties to this instrument evidently considered it as depending upon the rent of the fishery. It was payable to Porter “ on account ” of that rent, and his receipt was to be “ a discharge t'or the same ” — not a discharge for so much money generally— out a discharge for the rent. It was indorsed, “We accept this order when due ” — or in other words, when the share of the rent becomes due. The qualification to the acceptance can mean nothing else.
The payment of the order then depended upon the contingency *448 of rent becoming due. It was payable on that “account” and none other, and when paid, was to be a discharge from the rent and nothing else. Should none become due, it could not by possibility be paid on account of that which did not exist. Admitting the fact that Huggdid own a share in the Gloucester fishery, it by no means followed that the precise sum of one hundred dollars rent would be due him therefor, June first 1831, more than nine months after the date of the order. The terms of the tenancy may have been of such a nature, or incumbered with conditions the breach of which in the intermediate time would induce a forfeiture of the rent, on the part of the landlord, either in whole or in part. Or the rent may have been attached in the tenants’ hands — or he may have had legal notice to pay it over to some mortgagee of the fishery — or he may have been turned out of possession by the strong arm of the law. Circumstances and contingencies innumerable can be imagined, which would have prevented the rent becoming due to the landlord and would have acquitted the tenant from its payment. Yet this order was to be paid only on account of reut to become due: if it did not become due, it was not payable at all. Upon its face therefore, it was not payable absolutely and at all events.
But it is said, that the acceptance admits by implication, that one hundred dollars rent would be due, June 1st, 1831, and consequently cures any uncertainty in the body of the order. If this were so, (which is by no means admitted) it would not change the original character of the instrument. If it were not a bill when drawn, it could not afterwards become one, whatever might be the form of the acceptance. Chitty on Bills, 42, Note i, Kingston v. Long.
Had the drawer of this order, directed it to be paid out of his share of rent, instead of “ on account of” it, most clearly it would have been payable out of a particular fund. All the cases in the books speak but one language on this point. Is there any substantial difference bétween the two ? Does the change of phraseology, convey to the mind any new or distinct idea? I think not. If a man owe me for a horse and I request him to pay a sum on account of the consideration money or out of the consideration money, it is one and the same thing — a designation of the particular fund from which the payment is to be made. *449 This construction was recognized as the true one in Banburry v. Lissett, 2 Str. 1211, where the draft was “on account of the freight of the Galley Yeale,” and it was held by Lee, C. J. no bill of Exchange because it was only payable out of a particular fund.
The counsel for the defendants in error contend, that the words “ on account of my share of the rent for the Gloucester Fishery, which will become due June 1st, 1831 ” were intended merely to point out the source from which the acceptors were to reimburse themselves, and have no effect upon the legal character of the paper. If this be so, I apprehend they may, for the purposes of this argument, be rejected altogether, and the paper will then remain a simple order for the payment of money, without designation of time: and would therefore be due on demand. But, without doubt, the acceptors intended to be bound only when the rent became due, and their acceptance therefore varies from the tenor of the bill, and is conditional only. Any act which shows an intention not to be bound unless upon a certain event, is a conditional acceptance; which must be declared upon specially, with an averment that the condition has been performed, and that averment must be proved. 4 Camp. 176; 1 Marsh, 176, 2 Peters, 170, 181; 4 Hawk’s N. Ca. R. 402.
This order, in my judgment, is no bill of exchange importing per se a consideration. But if it be so, the acceptance is conditional only, and does not without additional evidence, support the issue. The judgment below must be reversed, &c.